C/n
1-14-19

MD\ZBS: 2018R00757

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 JAN 16 PM 2: 12

AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| v. | * | CRIMINAL NO. RDB-19-020 |
| | * | |
| PAUL ALEXANDER, | * | (Conspiracy to Distribute and Possess |
| a/k/a "DAVID HAYES," | * | with Intent to Distribute a Controlled |
| | * | Substance, 21 U.S.C. §§ 846, |
| | * | Forfeiture, 21 U.S.C. § 853, 28 U.S.C. |
| Defendant. | * | § 2461(c); Fed. R. Crim. P. 32.2(a)) |

...oOo...

## INDICTMENT

The Grand Jury for the District of Maryland charges:

From in or about April 2018 and continuing until on or about January 3, 2019, in the District of Maryland and elsewhere, the defendant,

**PAUL ALEXANDER,
a/k/a "DAVID HAYES,"**

did knowingly and intentionally combine, conspire, confederate, and agree with one another and others known and unknown to the Grand Jury to distribute and possess with intent to distribute 400 grams or more of a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(l).

21 U.S.C. § 846

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of the defendant's convictions under Count One of this Indictment.

### **Narcotics Forfeiture**

2. As a result of the offense set forth in Count One, incorporated herein, the defendant shall forfeit:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### **Substitute Assets**

4. If any of the property described above, as a result of any act or omission of any defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

2

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853
28 U.S.C. § 2461(c)

_[signature]_ /MD
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: January 16, 2019