IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA

    v.                                         **Case No. RDB-19-020**

PAUL ALEXANDER

    Defendant
_____/

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY MENTION OF WEAPONS

**NOW COMES**, Paul Alexander, by and through his counsel, Russell A. Neverdon, Sr., of the Law Office of Russell A. Neverdon, Sr., pursuant to Fed. R. Crim. P. 12(b), and respectfully asks this Court for an Order precluding the government from arguing or presenting any evidence at trial that Mr. Alexander possessed, used or carried a firearm during the commission of the alleged offense, and, as cause, states as follows:

### FACTUAL BACKGROUND

The indictment in this case alleges that Mr. Alexander conspired to possess and distribute 400 grams or more of a detectable amount of fentanyl, in violation of 21 USC §846 and §841(a)(1). The indictment does not allege who Mr. Alexander conspired with, and he is the sole defendant named in the indictment. The indictment does not charge Mr. Alexander with use or possession of a firearm, nor does it allege any facts in support of such an allegation.

During the course of the investigation that led to the indictment pending against Mr. Alexander, other persons were arrested and charged with weapons possession and narcotics offenses. The government intends to use this evidence against Mr. Alexander at trial.

**ARGUMENT**

I. **ANY TESTIMONY, EVIDENCE, OR MERE MENTION OF GUNS MAY NOT BE INTRODUCED AT TRIAL**

Mr. Alexander argues that any testimony, evidence, or mention of firearms should be precluded from admission at trial because such evidence is prejudicial, highly inflammatory, and irrelevant to this case.

Federal Rule of Evidence 404 (b) provides, in pertinent part:

> (b) Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, common scheme or plan, knowledge, identity, or absence of mistake or accident.

Generally, other crimes evidence is inadmissible. *See United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017) ("Rule 404(b) is a rule of general exclusion"). The Fourth Circuit has held that the rule reflects a "fear that jurors will convict a defendant based on the jurors' disdain or their belief that the defendant's prior bad acts make guilt more likely." *United States v. Ham*, 998 F.2d 1247, 1252-53 (4th Cir. 1995). Although there are several exceptions to this rule, none of them apply in this case.

The Defendant is charged with drug conspiracy, and is not charged with any offenses related to weapons possession. Any evidence of the Defendant's alleged firearms possession is not at all relevant to this case. The alleged firearm possession does not show motive, opportunity, intent, preparation, nor common scheme or plan. Thus, none of the exceptions to the prior bad acts rule apply in this case. Further, although guns were found in Mr. Alexander's apartment, that

2

alone is insufficient to warrant admission in this case.[1] There is no evidence to suggest that the gun was possessed in preparation for, or as part of the scheme in the drug trafficking offense.

Further, there is no evidence which suggests that Defendant had knowledge that other persons were in possession of firearms, such that it may be attributed to him.[2] Admitting such prejudicial evidence would have limited probative value for purposes of showing knowledge, intent, or modus operandi. *See United States v. Johnson*, No. S5-16-Cr-281 (PGG), 2019 U.S. Dist. LEXIS 26097, at *20 n.5 (S.D.N.Y Feb. 16, 2019) (potential for unfair prejudice far outweighs probative value flowing from the possibility that the jury may assume that the defendant who was observed with someone who was selling drugs – also was selling drugs). In other words, just because Mr. Alexander was seen with someone who was later found to have possessed a weapon, that does not me that Mr. Alexander also possessed a weapon, or had knowledge of it.

In *United States v. Cooper*, 274 F.3d 230 (5th Cir. 2001), the government argued that although the defendant was not found with a firearm while in possession or while distributing drugs, the firearm was nonetheless possessed during the alleged drug conspiracy. In rejecting that view, the Court explained that it -

> would result in an enhancement any time a drug offender is found with a gun regardless of whether drugs are also found or otherwise connected to the gun's location as long as the government alleges that the defendant is involved in an ongoing drug conspiracy. Of course, such a holding would relieve that government of its burden of proving that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.

*Id.* at 246.

---

[1] It should also be noted that neither DNA nor fingerprints belonging to Mr. Alexander was found on the gun.
[2] Other defendants were charged with possession of several firearms, including assault rifles.

3

## CONCLUSION

For the foregoing reasons, Mr. Alexander respectfully asks that the Court GRANT the Defense's Motion in Limine, and preclude the government from making any mention of any firearms.

Respectfully submitted,

_____/s/_____
Russell A. Neverdon, Sr., Esquire
Federal I.D. No. 25949
711Saint Paul Street
Baltimore, Maryland 21202
(410) 235-2184 Phone
(410) 235-4000 Facsimile
**Attorney for the Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2019, a copy of the foregoing Motions in Limine was filed electronically and e-mailed to all counsel in the above captioned matter by ECF filing.

_____/s/_____
Russell A. Neverdon, Sr., Esquire
Federal I.D. No. 25949
711Saint Paul Street
Baltimore, Maryland 21202
(410) 235-2184 Phone
(410) 235-4000 Facsimile
*Attorney for the Defendant*