# IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: RDB-19-020 |
| PAUL ALEXANDER | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION TO DISCLOSE IDENTITIES OF CONFIDENTIAL INFORMANT(S)

**NOW COMES** Paul Alexander, through his attorney, Russell A. Neverdon, Sr., of the Law Office of Russell A. Neverdon, Sr., LLC, and respectfully moves for an Order directing the government to disclose the identities of each confidential informant regardless of whether they will testify at trial. In support of this motion, Mr. Alexander states as follows:

1. A review of the materials generated to date concerning the investigation which culminated in this indictment reveals that an important source of information used by law enforcement in gathering information was derived from confidential informants.

2. Witnesses who have provided information to law enforcement did so after they were either charged or told that they would be indicted unless they agreed to cooperate.

3. Counsel seeks to interview each person who gave information to law enforcement who falls within the category of confidential informant regardless of whether they will be called to testify at trial.

4. The confidential informants used by law enforcement may be biased against defendant.

5. The identities of the informants are necessary to the defense in order to investigate bias, motives to fabricate and to cast doubt upon the credibility of certain witnesses. *United States v. Smith*, 780 F.2d 1102 (4th Cir. 1985).

6. The Defendant seeks useful and relevant information that cannot be learned without a disclosure by the United States. There is no reason related to security to withhold this essential information.

**CONCLUSION**

The particular facts of this indictment make it essential for the defense to obtain pretrial access to the government's confidential informants. The potential bias and lack of credibility of the witnesses must be fully explored at trial. In order to do so, counsel must have their identities disclosed sufficiently in advance of trial in order to conduct appropriate investigations. This critical information is relevant, useful and potentially exculpatory thereby requiring its pretrial disclosure.

WHEREFORE, it is respectfully requested that the Court grant this Motion for disclosure of the identity of the informants in this case.

Respectfully submitted,

_____/s/_____
Russell A. Neverdon, Sr., Esquire
Federal I.D. No. 25949
711 Saint Paul Street
Baltimore, Maryland 21202
(410) 235-2184 Phone
(410) 235-4000 Facsimile
**Attorney for the Defendant**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2019, a copy of the foregoing Motion to Disclose was filed electronically and e-mailed to Office of the United States Attorney, Baltimore, Maryland 21201.

                                                            _____/s/_____
                                                            Russell A. Neverdon, Sr., Esquire
                                                            Federal I.D. No. 25949
                                                            711Saint Paul Street
                                                            Baltimore, Maryland 21202
                                                            (410) 235-2184 Phone
                                                            (410) 235-4000 Facsimile
                                                            ***Attorney for the Defendant***