UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                                          Criminal No. RDB-19-020

PAUL ALEXANDER

    Defendant

_____/

## DEFENDANT'S MOTION TO SUPPRESS SEARCH WARRANTS

THE SEARCH AND SEIZURE WARRANT FOR THE RESIDENCES LOCATED AT 7789 ARUNDEL MILLS BLVD, APT. 47; 7787 ARUNDEL MILLS BLVD, APT. 405; 12401 BRICKYARD BLVD; A 2017 BMW, VIN #WBA7E2C59HG740035; CELLULAR DEVICE ASSIGNED CALL NUMBER (213) 321-6027; A 2018 MERCEDES BENZ E-400, MARYLAND TAG #2DG5455; CELLULAR DEVICE ASSIGNED CALL NUMBER (410) 972-5367; 2008 HONDA ACCORD, VIN#1HGCS22818A005690; 2017 TOYOTA CAMRY, VIN#4T1BK1EB9HU246533; 2017 CADILLAC ESCALADE, VIN#1GYS4BKJXHR173976; 2017 RANGE ROVER, VIN#SALWR2FE7HA146120; 2018 VOLVO, VIN#YV440MUMOJ2006048; WAS NOT SUPPORTED BY PROBABLE CAUSE AND THE ISSUING MAGISTRATE DID NOT HAVE A SUBSTANTIAL BASIS TO ISSUE SAID WARRANT IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ALL EVIDENCE AND DERIVATIVE EVIDENCE SEIZED FROM THESE LOCATIONS, VEHICLES, AND CELL PHONE NUMBERS MUST BE SUPPRESSED AS THE FRUITS OF AN ILLEGAL SEARCH AND SEIZURE.

The Fourth Amendment to the United States Constitution provides:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

U.S. Const. Amend. IV.

A search warrant requires probable cause to believe that particularly identified fruits, evidence, and/or instrumentalities of a crime will be found in a particularly described place. *United States v. Harris*, 403 U.S. 573, 584 (1971). In order for evidence that was obtained by a search warrant issued by a magistrate to be suppressed, there must be proof that there was not a substantial basis for the magistrate to conclude that, based on the four corners of the warrant and affidavit, probable cause existed to issue the warrant. See Malley v. Briggs, 475 U.S. 335, 345 (1986).

In this case, a search was conducted pursuant to a search and seizure warrant for 7789 Arundel Mills Blvd, apt. 47; 7787 Arundel Mills Blvd, apt. 405; 12401 Brickyard Blvd; a 2017 BMW, Vin #WBA7e2c59hg740035; Cellular Device assigned call number (213) 321-6027; a 2018 Mercedes Benz e-400, Maryland Tag #2DG5455; Cellular Device assigned call number (410) 972-5367; 2008 Honda Accord, Vin#1HGCS22818A005690; 2017 Toyota Camry, Vin#4T1BK1EB9HU246533; 2017 Cadillac Escalade, Vin#1GYS4BKJXHR173976; 2017 Range Rover, Vin#SALWR2FE7HA146120; and a 2018 Volvo, Vin#YV440MUMOJ2006048 (collectively, **seized items**).

The warrant was based on an insufficient affidavit which was based solely on information by a confidential source. The fruits of the search include evidence which the Government may seek to use against the Defendant at trial. This evidence must be suppressed because the issuing magistrate did not have a substantial basis to conclude that probable cause existed to search the specified location(s), vehicles and cell phones, and the federal authorities could not have – in good faith – relied on the search warrant.

## THE AFFIDAVIT AND WARRANT IN DEFENDANT ALEXANDER'S CASE[1]

The affidavit in support of probable cause to support the issuance of search warrants for the addresses, vehicles, and cell phone numbers listed above, were based primarily on a confidential source (CS). The affidavit reads that in January of 2018, the Baltimore City Police Department arrested a CS for possession of a loaded firearm and suspected narcotics. Following that arrest, the CS began cooperating with law enforcement officials in the hopes of receiving leniency for the pending charges.

In February of 2018, the CS met with affiant and other federal investigators. During the meeting, the CS was shown a photograph of Omar Alexander and identified him as "Oatmeal." The CS also stated that he/she has known Oatmeal and his brother, Paul, for many years. The CS stated that he/she had engaged in daily narcotics distribution with Omar, and had done so as recently as January of 2018. The CS stated that he/she knows that Paul Alexander supplies heroin to a large portion of South Baltimore. The CS stated that he/she knows that Omar serves as a middleman for his brother Paul, and other members of the drug trafficking organization. The CS was shown a photograph of Paul Alexander, and identified him as Paul.

## ARGUMENT

The Fourth Amendment provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Article 26 of the Maryland Declaration of Rights affords the same protection as the Fourth

---

[1] A copy of the affidavit for search and seizure in this case is attached as Exhibit One

Amendment, that no search warrants will be issued without probable cause. *State v. Coley*, 145 Md. App. 502, 520 (2002).

> Probable cause has been defined by [the Court of Appeals] as a fair probability that contraband or evidence of a crime will be found in a particular place. Probable cause is a nontechnical conception of a reasonable ground for belief that the items sought will be found in the premises searched. Probable cause involves practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.

*Agurs v. State*, 415 Md. 62, 75-76 (2010)

**A. <u>There was no substantial basis for the issuing a warrant.</u>**

In order for evidence that was obtained by a search warrant issued by a magistrate to be suppressed, there must be proof that there was not a substantial basis for the magistrate to conclude that probable cause existed. *See United States v. Wienke*, 733 Fed. Appx. 65, 71 (4th Cir. 2018). A magistrate, in finding probable cause, must make a decision given the totality of the circumstances set forth in the affidavit, that contraband or evidence of a crime will be found in a particular place. *Id*.

The affidavit in this case fails to establish the veracity of and/or the basis of knowledge the confidential source identified in the affidavit, failed to properly corroborate the information provided by the source and provided no nexus of the alleged criminal activity and the addresses, vehicles, and cell phone numbers sought to be searched. Additionally, the information provided regarding the search of the seized items was obtained as a result of an illegal search, and thus cannot be used in considering the basis for finding probable cause. Therefore, there were not sufficient facts for the issuing magistrate to have a substantial basis for concluding that there was probable cause.

4

1. **There is no nexus between the alleged criminal activity and the addresses, vehicles, and cell phone numbers that were searched.**

The warrant failed to provide a nexus between any alleged criminal activity and the apartments, vehicles, and subject cell phone numbers. *See United States v. Schultz*, 14 F.3d 1093 (6th Cir. 1994):

> "While an officer's 'training and experience' may be considered in determining probable cause, it cannot substitute for the lack of evidentiary nexus in this case, prior to the search, between the safe deposit boxes and any criminal activity."

*Id*. at 1097. In Defendant's case, there was no nexus whatsoever between the alleged criminal activity and the apartments, vehicles, and cell phone numbers, because there was no criminal activity ever observed by the CS at any of the locations, with any of the vehicles, nor with the subject cell phone numbers. The allegations in the affidavit are mere speculation based upon an uncorroborated and unreliable CS, and thus do not provide a substantial basis that an issuing magistrate could have found probable cause to issue a warrant. Therefore, the issuing judge did not have a substantial basis for issuing a search warrant in Mr. Alexander's case.

2. **There is no Information Presented in Defendant Alexander's Case that establishes the veracity and reliability of the confidential course and the agents did not corroborate the information that was provided to them.**

Information in an affidavit that comes from an unidentified informant must be evaluated on its trustworthiness under a totality of circumstances approach considering the reliability, veracity and basic knowledge of the informant. *See Massachusetts v. Upton*, 466 U.S. 727, 730 (1984). Veracity concerns the informant's truthfulness, reliability "entail[s] inquiry into whether the informant has provided accurate information in the past," and, for basis of knowledge, "firsthand observation is entitled to greater weight than secondhand information." *United States v. Quezada-Enriquez*, 567 F.3d

1228, 1233 (10th Cir. 2009). When an informant is facing criminal charges, as here, three may be cause that he or she is not telling the truth. *Id.*

The facts here are similar to those in *United States v. Danhauer*, 229 F.3d 1002 (10th Cir. 2001). There, a policer officer received information from another officer about a confidential informant's report that Robbi and Dennis Danhauer were cooking meth in a garage on their property. The investigating officer independently corroborated that the Danhausers lived at the property identified by the informant, and observed Robbi going back and forth between the home and garage. He also learned that both men had criminal records involving drugs and outstanding warrants. Based on this information, the investigating officer prepared an affidavit.

The Court held that the affidavit was insufficient to establish probable cause because the "affiant neither established the veracity of the informant, nor obtained sufficient independent corroboration of the informant's information." *Id.* at 1006. *Cf. McCray v. Illinois*, 386 U.S. 300, 302-04 (1967) (probable cause sufficient where first-hand knowledge was presented by informant who previously supplied police with accurate information); *Illinois v. Gates*, 462 U.S. 213, 233 (1983) (A key consideration is whether the information has provided reliable information in the past about the same type of criminal activity).

Mr. Alexander's case is a clear example of federal authorities basing its support for probable cause on the word of an untested and unreliable informant who sought to seek leniency for other criminal conduct. The affidavit failed to prove the veracity or basis of knowledge of the confidential source, and provided absolutely no corroboration of the information given and thus the totality of the circumstances shows that the information obtained by the source is not reliable and an issuing magistrate could not have had a substantial basis to find probable cause when issuing the warrant.

### 3. Any Reliance by the Government on the Leon Good Faith Exception Would be Misplaced

Once a court has determined that the warrant-issuing judge did not have a substantial basis for concluding there was probable cause, the next step in suppressing evidence obtained in that warrant is whether the good faith exception to the exclusionary rule applies. In *United States v. Leon*, the Supreme Court set forth a test for determining whether the good faith exception should be applied, outlining four situations in which an officer's reliance on a search warrant would not be reasonable and the good faith exception would not apply. 468 U.S. 897 (1984).

The four factors, two of which are relevant in this case, are when the magistrate "in issuing a warrant, was misled by information in an affidavit that the affiant knew was false or would have known was false except for a reckless disregard of the truth;" "in cases where the issuing magistrate wholly abandoned his judicial role so that no reasonably well trained officer should rely on the warrant;" in cases "in which an officer would not manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" or in cases where "a warrant may be so facially deficient, in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume the warrant to be valid." *Id.* at 923.

In order for the good faith exception to apply, the Government bears the burden of proof to show that none of these factors existed and the officers used objective good faith.

The factors involved in this case are that the issuing magistrate wholly abandoned his/her judicial role so that no reasonably trained officer should have relied on the warrant and that the affidavit was so lacking in indicia of probable cause as to render belief in it entirely unreasonable. In *U.S. v Wilhelm*, the Fourth Circuit held that the standard for the former is closely intertwined

with the later. *United States v. Wilhelm*, 80 F.3d 116 (4th Cir. 1996). A "bare bones" affidavit is one that contains wholly *conclusory* statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause. *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017).

T

The affiant did not observe a single illegal action or corroborate any of the information provided by the confidential sources other than innocent public information. The affiant provides no facts, circumstances, supporting data or corroboration whatsoever of the confidential source. The affiant is made of wholly conclusory statements which do not satisfy the Fourth Amendment and no reasonably well-trained police officer could have believed there was probable cause to search the seized items and, as such, all evidence recovered during the search must be suppressed.

## CONCLUSION

It is for the above-stated reasons that Defendant, Paul Alexander, moves this Honorable Court, after an opportunity to be heard on the matter, to suppress any and all evidence and derivative evidence that was obtained as a result of the search and seizures conducted at, and on, the seized items, and for any further relief this Honorable Court deems appropriate.

Respectfully Submitted,

_____/s/_____
Russell A. Neverdon, Sr.
Fed. I.D. No. 25949
711 Saint Paul Street
Baltimore, MD 21202
(410) 235-2184 (Phone)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 25th day of June, 2019, a copy of the foregoing Memorandum of Law in Support of Defendant's Omnibus Motion to Suppress Evidence was electronically filed to the Office of the United State's Attorney for Maryland.

_____
Russell A. Neverdon, Sr.