IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-19-0020 |
| PAUL ALEXANDER, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## SUPPLEMENTAL MEMORANDUM OF LAW RELATING TO STANDING

"The Fourth Amendment's guarantee of the people's right to be secure in their persons, houses, papers, and effects, protects individuals living in a large number of legal arrangements." *United States v. Gray*, 491 F.3d 138, 144 (4th Cir. 2007) (internal citations omitted) (internal quotations omitted). "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). "[W]hile the text of the [Fourth] Amendment suggest that its protections extend only to people in their houses a person may have a legitimate expectation of privacy in the house of someone else." *Gray*, 491 F.3d at 144 (*quoting Minnesota v. Carter*, 525 U.S. 83, 89 (1998)). For example, the Supreme Court has recognized that the privacy protection of the Fourth Amendment is applicable to overnight guests. *Minnesota v. Olson*, 495 U.S. 91, 98 (1990); *Gray*, 491 F.3d at 144.

"The capacity to claim the protection of the Fourth Amendment depends … upon whether the person who claims the protection … has a legitimate expectation of privacy in the invaded place." *Gray*, 491 F.3d at 144. The Government must raise the issue of

standing timely during the litigation or may lose the right to raise it. *Steagald v. United States*, 451 U.S. 204, 209 (1981) ("The Government, however, may lose its right to raise factual issues of this sort before this Court when it has made contrary assertions in the courts below[1], when it has acquiesced in contrary findings by those courts, or when it has failed to raise such questions in a timely fashion during the litigation."). Once the Government raises the issue, "[t]he burden of showing a reasonable expectation of privacy in the area searched rests with the defendant" and is measured under the preponderance of the evidence standard. *Gray*, 491 F.3d at 143 (*citing Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980)); *United States v. Castellanos*, 716 F.3d 828, 833 (4th Cir. 2013). A subjective expectation of privacy is not enough, the expectation of privacy must be one which the law recognizes as legitimate, in other words, it must be objectively reasonable. *Gray*, 491 F.3d at 145; *Castellanos*, 716 F.3d at 832. The Fourth Circuit has repeatedly observed,

> [w]hen attempting to determine whether a defendant has a reasonable expectation in property that is held by another, we consider such factors as whether that person claims an ownership or possessory interest in the property, and whether he has established a right or taken precautions to exclude others from the property.

*Castellanos*, 716 F.3d at 833-34 (internal citations omitted) (internal quotations omitted).

The Supreme Court, in *Minnesota v. Carter*, 525 U.S. 83 (1998), distinguished between social guests and business/commercial guests. A social guest may have a legitimate expectation of privacy whereas a guest present for business or commercial

---

[1] It should be noted that, in the affidavit in support of the search and seizure warrant for 7787 Arundel Mills Blvd., Apt. 405, Hanover, Maryland 21076, Special Agent Ryan Kotowski swore under oath, on January 2, 2019, "**Based on intelligence from the investigation, investigators believe ALEXANDER uses apartment #405 at The Arundel as a secondary residence**." Affidavit at Page 33 Para.63 (emphasis supplied).

purposes does not. *Gray*, 149 F.3d at 145. "An overnight guest … seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possession will not be disturbed." *Gray*, 149 F.3d at 146 (*quoting Olson*, 495 U.S. at 99)). *See also United States v. Kitchens*, 114 F.3d 29, 31 (4th Cir. 1997) (a guest in a hotel room has a reasonable expectation of privacy).

The Supreme Court, in *Olson*, found that an overnight guest has a reasonable expectation of privacy in the residence he is staying in. The *Olson* Court stated

> From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside. We are at our most vulnerable when we are asleep because we cannot monitor our own safety or the security of our belongings. It is for this reason that, although we may spend all day in public places, when we cannot sleep in our own home we seek out another private place to sleep, whether it be a hotel room, or the home of a friend.

*Olson*, 495 U.S. at 99 (emphasis supplied).

In contrast to *Olson*, the Supreme Court in *Carter* found that the defendant was present at the apartment for the sole purpose of packaging cocaine for sale and, therefore, lacked standing to challenge the illegal search. *Carter*, 525 U.S. at 86. The Supreme Court based this decision on the fact that the defendant (1) had never been to the apartment before, (2) had only been there for 2 ½ hours, (3) gave the lessee cocaine for the use of the apartment, and (4) was not an overnight guest. *Id*. The facts in Defendant Alexander's case will demonstrate that Defendant Alexander had a reasonable expectation of privacy in 7787 Arundel Mills Blvd, Apt. #405, Hanover, Maryland 21076.

It is for the above-stated reasons, along with reasons that will be advanced at the hearing of this matter, that the Government has waived the issue relating to standing and that even if it has not, Defendant Alexander has standing to challenge the Fourth Amendment violation that occurred at 7787 Arundel Mills Blvd, Apt. #405, Hanover, Maryland 21076.

Respectfully submitted,

___Russell A . Neverdon //s//_____
Russell A. Neverdon, Sr., Bar #25949
Law Office of Russell A. Neverdon, Sr., LLC
711 St. Paul Street,
Ground Floor
Baltimore, Maryland 21202
Phone (410) 235-2184
Fax (410) 235-4000
ransr@neverdonlaw.com

Kristin C. Tracy, Bar # 20954
Thomas M. Donnelly, Bar # 26622
Law Offices of Thomas M. Donnelly, LLC
World Trade Center
401 E. Pratt Street, Suite 2415
Baltimore, Maryland 21202
Phone (410) 528-9200
Fax (410) 528-9203
tdonnelly@dmllclaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2019, a copy of this Supplemental Memorandum was filed on the Court's CM/ECF system, and was thus served electronically on all parties to this case. I am not aware of any party who is pro se or has an attorney not registered with CM/ECF in this case.

          ___Russell A . Neverdon //s//_____
          Russell A. Neverdon, Sr., ID#25949