**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. RDB-19-0020** |
| **PAUL ALEXANDER,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW

The United States of America, by its undersigned counsel, respectfully submits its Supplemental Memorandum of Law in support of its opposition to the Defendant's Motion to Suppress the January 2, 2019 federal search warrant issued for 7787 Arundel Mills Boulevard, Apartment 405, Hanover, Maryland (ECF No. 25). This location is hereinafter referred to as "Apartment 405."

On August 19, 2019, the Court denied the Defendant's motion to suppress various federal search warrants and tracking warrants issued in connection with the investigation of the Defendant, Paul Alexander. The Court, however, continued the motions hearing relating to Apartment 405 so that the parties could address the issue of the Defendant's standing to challenge the search of this apartment. This Memorandum of Law incorporates the evidence established during the motions hearing on August 15 and August 19, 2019, as well as incorporating the information contained in the Government's Consolidated Response in Opposition to the Defendant's Motions to Suppress (ECF No. 30).

As a threshold matter, a defendant must have a reasonable expectation of privacy in the property searched to have standing to challenge the legality of the search by law enforcement.

*Rakas v. Illinois*, 439 U.S. 128, 148 (1974). The defendant bears the initial burden of establishing standing to challenge. *United States v. Stevenson*, 396 F.3d 538, 547 (4th Cir. 2005). While the defendant can point to facts in the established record that support a finding of standing, the defendant must establish this by a preponderance of the evidence. *United States v. Castellanos*, 716 F.3d 828, 846-47 (4th Cir. 2013).

A person "may have a legitimate expectation of privacy in the house of someone else." *Minnesota v. Carter*, 525 U.S. 83. 89 (1998). While an overnight guest in a home receives the Fourth Amendment's protections, a visitor "merely present with the householder may not." *Id*. In determining whether a defendant can claim an expectation of privacy in the property searched, courts consider the totality of the circumstances. *Id*. at 846. Relevant factors include: whether the defendant claimed an ownership or possessory interest in the property[1]; whether the defendant exerted control over the area[2]; and the purpose for which the defendant accessed or used the location.[3]

Those present at a house for business–including illegal drug transactions –do not have an expectation of privacy in that house and therefore, lack standing in such circumstances. *United States v. Gray*, 491 F.3d 138, 146-47 (4th Cir. 2007). In *Gray*, the defendant challenged the search of an apartment where the defendant sold narcotics with two co-conspirators. The defendant was not an overnight guest or tenant of the apartment, but rather, an invitee of one of co-conspirators who resided at the apartment. *Id*. at 142. The Fourth Circuit affirmed the district court's finding that the defendant lacked standing to challenge the search of the apartment, holding that the defendant was business guest, not a social guest. *Id*. at 146.

---

[1] *United States v. Rusher*, 966 F.2d 868, 875 (4th Cir. 1992)
[2] *United States v. Horowitz*, 806 F.2d 1222, 1225 (4th Cir. 1986)
[3] *United States v. Gray*, 491 F.3d 138, 146-47 (4th Cir. 2007)

Similarly, the Fourth Circuit has rejected claims that co-conspirators maintain an expectation of privacy in locations of co-conspirators. For example, a defendant does not obtain standing to challenge a search "simply because one has a supervisory role in the conspiracy or joint control over the place or property involved in the search or seizure." *United States v. Al-Talib*, 55 F.3d 923, 930 (4th Cir. 1995), *quoting United States v. Padilla*, 508 U.S. 77, 80 (1993) (internal quotations omitted).

Here, the record demonstrates that the Defendant resided in an apartment building separate from Apartment 405. Furthermore, for purposes of the hearing, defense counsel has stipulated to this fact. The record also established that Danielle Bell rented Apartment 405 according to tenant records. Search warrant affidavits introduced into evidence note that the Defendant possessed a key fob to Apartment 405's building and, based on surveillance of the Defendant, a key to the apartment. A search of that apartment resulted in the seizure of over three million dollars and no evidence of any occupancy by the Defendant. The government anticipates that during its case-in-chief at trial that the government will show that this location was unoccupied and that the Defendant used this apartment as a storage location for drug proceeds. Like the defendant in *Gray* who engaged in drug trafficking in a co-conspirator's apartment, the Defendant was not an overnight guest or tenant of Apartment 405. Rather, the Defendant used a third-party to maintain Apartment 405 so that the Defendant could store contraband in the location. In taking such efforts to separate his connection to the apartment in the event law enforcement ever searched it, the Defendant also demonstrated that he lacked a reasonable expectation of privacy in the location.

Respectfully submitted,

ROBERT K. HUR
United States Attorney

_____/s/_____
Matthew DellaBetta
Anatoly Smolkin
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, MD 21201
Phone: (410) 209-4857

Dated: August 21, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 21st day of August 2019, caused a copy of the foregoing Government's Supplemental Memorandum to Law to be delivered by electronic service upon all counsel of record.

_____/s/_____
Matthew DellaBetta
Assistant United States Attorney